334 BARRY IN TOWN HOMES, INC., Plaintiff-Appellee, v. JOSEPH FARAGO *et al.*, Defendants-Appellants.

First District (5th Division)  No. 1—89—3483

Opinion filed October 26, 1990.

Leon C. Wexler, of Chicago, for appellants.

Arvey, Hodes, Costello & Burman, of Chicago (Lawrence C. Rubin and Frank P. Tighe III, of counsel), for appellee.

JUSTICE LORENZ delivered the opinion of the court:

Defendants, Joseph and Patricia Farago, appeal from entry of summary judgment in favor of 334 Barry In Town Homes, Incorporated, in an action involving a dispute over a condominium parking space.

We affirm.

Defendants are owners of one of six condominium units located at 334 West Barry Avenue in Chicago. The condominium property is located on the north side of Barry Avenue, between Sheridan Road and Lake Shore Drive. The units are arranged in a side-by-side row, designated A through F. The row, itself, is situated perpendicular to Barry Avenue such that the side walls of the units are parallel to Barry Avenue. Unit A is located at the south end of the property, closest to Barry Avenue. Defendants own condominium unit F, which is located at the north end of the property.

Beneath the condominium property is an underground garage, running the length of the row of units. The garage is divided into two halves. The eastern half is designated as a driveway. The western half is further divided into six parking bays and adjoining areas for laundry or storage. Like the condominium units, the length of the parking bays is parallel to Barry Avenue. The space designated for unit A is southernmost and that for unit F is northernmost.

The single entrance and exit to the garage is at the south end of the property and leads into the driveway which provides the access to the parking bays. To park, vehicles must be turned from the driveway to the left, west, into one of the parking bays.

The instant action involves defendants' use of part of the driveway area at the closed north end of the garage, to the east of, adjacent to, and behind their allotted parking space.

Without disputing that defendants' use of the adjacent area obstructed or impeded access to the parking bays, the governing body for the condominium development, 334 Barry In Town Homes, Incorporated (Association), sought to preclude defendants' continued use of the area of the driveway. In a single-count complaint filed in the circuit court, the Association challenged that the defendants were engaged in an unpermitted use of condominium common areas under relevant provisions of the condominium declaration. The Association sought a determination that defendants were in violation of the condominium declaration and that they be enjoined from continued use of the driveway area. The Association also sought reimbursement for attorney fees.

Defendants filed an answer, denying all material allegations.

Subsequently, the Association moved for summary judgment (Ill. Rev. Stat. 1989, ch. 110, par. 2—1005). In support of the motion, the Association submitted a survey of the garage as well as affidavits from four other unit owners. Generally, the affidavits described defendants' continued use of the adjacent driveway area as additional parking space despite complaints from unit owners and numerous requests by the Association to cease.

Defendants filed a response to the Association's motion. In support were attached, *inter alia,* defendants' affidavits indicating use of the additional area for some 12 years, a copy of the real estate sales contract for the unit indicating two parking spaces were included with the purchase, and photocopies of photographs of the garage.

After considering arguments on the motion, the trial judge granted summary judgment in favor of the Association, concluding that the adjacent area was a common element as defined in the condominium declaration. Defendants were permanently enjoined from their exclusive, personal use of that space. The trial judge also awarded the Association attorney fees pursuant to the condominium declaration.

This appeal followed.

OPINION

The facts of the instant case are not in dispute. We must consider only whether, as the trial judge concluded, the area of the driveway, adjacent to and behind the designated parking area for

unit F, is a common element, precluding defendants' exclusive use as additional parking space. It is defendants' contention here that the adjacent area is a limited common element and, therefore, their use of that space is permitted. Because the facts are not disputed and because condominium declarations and by-laws are covenants running with the land, we need only examine the declaration's language in the instant case, to the extent that that language is unambiguous, to determine whether summary judgment was proper. See *Yorkshire Village Community Association v. Sweasy* (1988), 170 Ill. App. 3d 155, 524 N.E.2d 237.

Article I of the declaration defines a "common element," in pertinent part, as:

"All of the [p]roperty, except the [u]nits, and including, but not limited to, the land, foundations, hallways, stairways, entrances and exits, common parking areas, storage areas, basement, roof, incinerator, pipes, ducts, electrical wiring and conduits, *** central heating and air-conditioning system, public utility lines, floors, ceilings and perimeter walls of [u]nits, *** structural components of the [b]uilding, outside walks and driveways, landscaping, and all other portions of the [p]roperty except the individual [u]nits."

The article further defines a "limited common element" as:

"A portion of the [c]ommon [e]lements contiguous to and serving exclusively a single [u]nit or adjoining [u]nits as a inseparable appurtenance thereto, including specifically, but not by way of limitation, balconies, patios, terraces and such portions of the perimeter walls, floors and ceilings, doors, vestibules, windows and entryways, and of all associated fixtures and structures therein as lie outside the unit boundaries."

The "garage" is defined as:

"That part of the common elements providing for access to the parking spaces."

Finally, a "parking space" is defined as:

"A part of the [u]nit intended for the parking of a single automobile."

The above definitions establish that the underground area is comprised of two components. Each unit's designated parking bay is considered a part of the unit, itself. It is neither a common element nor a limited common element. The declaration contemplates the parking of a single automobile per unit in that space. The "garage" actually constitutes that portion of the underground area which we have referred to above as the driveway. That driveway

area is defined as part of the common elements of the condominium property. No part of the driveway area, or "garage" as that term is defined, is designated as a limited common element.

Further, we do not believe the exclusive use of the adjacent area might otherwise cause that area to be viewed as within the scope of the declaration's definition of a limited common element. Given that the only access underground is at the south end of the property, if the driveway, or "garage," area behind and adjacent to each unit's parking bay constituted a limited common element for the exclusive use of that unit's owner, only the owner of unit A could enter, park, and exit without infringement on another unit owner's exclusive right to use the space adjacent to that unit owner's parking bay.

Nor do we believe either the duration of use of the space or the real estate sales contract for the unit is dispositive of this appeal. First, defendants have made no claim to the use of the space based on a theory of adverse possession. Second, even notwithstanding the fact that defendants have not supplied the record with the actual deed to the property, the contract's provisions are expressly made subject to the terms of the condominium declaration.

■ We therefore cannot conclude that the space behind and adjacent to the parking area for unit F is a limited common element under the condominium declaration or that defendants are otherwise entitled to an exclusive right to use that property for additional parking. Accordingly, we agree with the trial judge's determination to enjoin defendants' use of the space.

■ Defendants also contend the award of attorney fees and costs to the Association by the trial judge was improper.

Article X of the declaration provides for the condominium board to recover "all" of its expenses, including "court costs and attorneys' fees" in connection with actions "either at law, or in equity," "to enjoin, abate or remedy, by appropriate legal proceedings" any breach of the declaration's provisions.

Defendants here do not challenge the amount of the award or the determination that their use of the adjacent area was a violation of the declaration's provisions. Rather, defendants argue that the declaratory relief sought by the Association falls outside of the scope of actions contemplated by article X.

We find no merit to that argument. Article X clearly contemplates the recovery of expenses for attorney fees and costs incurred in any legal determination necessary to enforce the declaration's provisions. Here, that determination was dependent upon the ascer-

tainment of the defendants' rights under the condominium declaration. Because the declaration provided for the recovery of attorney fees and costs (see *Yorkshire Village Community Association v. Sweasy* (1988), 170 Ill. App. 3d 155, 524 N.E.2d 237), and because we conclude the fees incurred come within the scope of that provision, we find no reason to disturb the trial judge's award.

We therefore affirm the judgment of the circuit court.

Affirmed.

COCCIA, P.J., and MURRAY, J., concur.